JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>               Plaintiff,<br><br>     v.<br><br>EUTIMIO C. HERNANDEZ, J. LYDIA HERNANDEZ, NABB IAM, ALFRED MCZEAL, And DOES 1-10, inclusive,<br><br>               Defendants. | CASE NO.  CV 14-8381-R<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO SUPERIOR COURT, LOS ANGELES COUNTY |

   Before the Court is Plaintiff's Motion to Remand to Superior Court, Los Angeles, which was filed on November 24, 2014.  Having been thoroughly briefed by both parties, this Court took the matter under submission on December 29, 2014.

   A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed in the federal court at the time the complaint was filed.  28 U.S.C. § 1441(a).  Pursuant to Title 28 U.S.C. § 1446(b)(1), a notice of removal must be filed within 30

days after the defendant receives a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b)(1). Grounds for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b)(1) to begin. *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). If grounds for removal are not ascertainable from the initial pleading, § 1446(b)(3) provides that a defendant may file a notice of removal within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Id*. Accordingly, federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id*.

Here, Plaintiff's Complaint for forcible detainer was served on Defendants on July 30, 2014. On August 4, 2014, Defendants filed a demurrer in state court, which was overruled on September 5, 2014. Defendants then filed an answer on September 10, 2014, and attempted to file a cross-complaint, which was stricken by the Superior Court, as cross-complaints are not allowed in summary proceedings for forcible detainer. Defendants attempted to propound discovery on Plaintiff, and brought a motion to compel on October 1, 2014, but it was denied on October 27, 2014. Finally, on October 30, 2014, Plaintiff obtained a Judgment for Possession.

After materially participating in the State Action by filing a Demurrer, an answer, a cross-complaint, propounding discovery, and filing a motion to compel, Defendants then filed a notice of removal on October 29, 2014. Because it was filed more than 30 days after Defendants received a copy of the initial pleading, it is untimely pursuant to Title 28 U.S.C. § 1446(b)(1). As

/ / / / /

/ / / / /

/ / / / /

1  such Plaintiff's Motion to Remand is granted.

2  **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is GRANTED.  (Dkt. No.

3  6)

4  Dated: January 6, 2015.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE